UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LILLIAN J. TOSTON | * | CIVIL ACTION NO.  13-2767 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), or alternatively, motion for summary judgment, Fed.R.Civ.P. 56, [doc. # 6], filed by Defendant Commissioner of Social Security.  For reasons assigned below, it is recommended that the motion to dismiss be DENIED, but that the motion for summary judgment be GRANTED, and that Plaintiff's complaint be DISMISSED, with prejudice, as time-barred.

**Background & Procedural History**[1]

On October 12, 2011, Lillian Toston filed an application for a period of disability and disability insurance benefits (Title II benefits) in which she alleged disability since July 3, 1998. The state agency denied her application at the initial stage of the administrative process. Thereafter, Toston requested and received an April 16, 2012, hearing before an Administrative

---

[1] The following section is supported by the Declaration of Patrick J. Herbst, the Court Case Preparation and Review Branch 4, Office of Disability Adjudication and Review, Social Security Administration, together with several exhibits appended thereto.  (M/Dismiss, Gov.'t Exh. A).  Plaintiff did not file a response to the instant motion(s); thus, Herbst's declaration remains uncontroverted.

Law Judge ("ALJ"). However, in a June 25, 2012, written decision, the ALJ determined that Toston was not disabled under the Social Security Act for the period at issue (July 3, 1998, through September 30, 1999).

Toston appealed the adverse decision to the Appeals Council. On April 22, 2013, however, the Appeals Council denied her request for review. The Notice advised Toston of her right to file a civil action in the United States District Court. It further explained that

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

On June 25, 2013, Plaintiff sent a letter to the Commissioner pursuant to 20 C.F.R. § 404.982 requesting an extension of time to file a civil action. (To Whom it May Concern Letter; MSJ, Exh. A-3). In support of her request, Toston alleged that there was a shortage of social security disability attorneys in the area, and that she had been experiencing medical problems. On July 24, 2013, the Commissioner granted Toston a 60 day extension of time from receipt of the Commissioner's letter within which to file a civil action. (July 24, 2013, Letter from SSA to Plaintiff; MSJ Exh. A-4). The letter further explained that the Commissioner would assume that Toston received the letter five days after the date on the letter, unless she was able to show that she did not receive it within the five day period. *Id*. Thus, Plaintiff is presumed to have received the Commissioner's latest letter by July 29, 2013. *See Kinash v. Callahan*, 129 F.3d 736, 738

2

(5th Cir. 1997) (citations omitted).

On September 30, 2013, Toston filed the instant complaint for judicial review of the Commissioner's unfavorable decision. On January 3, 2014, the Commissioner filed the pending motion to dismiss, or in the alternative, motion for summary judgment, urging dismissal of Plaintiff's complaint on the basis that she failed to timely file suit within 60 days after her presumed receipt of the Appeals Council's decision, as extended by the Commissioner. Plaintiff did not file a response to the instant motion(s). Thus, it is deemed unopposed. (Notice of Motion Setting [doc. # 8]). The matter is now ripe for decision.

## Law and Analysis

**I.     Motion to Dismiss vs. Motion for Summary Judgment**

The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948 (1976). In the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts. *See Glidden Co. v. Zdanok*, 370 U.S. 530, 82 S.Ct. 1459 (1962). One waiver of sovereign immunity, however, is found in the Social Security Act, which provides that,

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision **by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, . . .

42 U.S.C. § 405(g) (emphasis added).

In other words, § 405(g) imposes three requirements to secure judicial review:

>   (1)   a final decision of the [Commissioner] made after a hearing;
>
>   (2)   commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the [Commissioner] may allow); and
>
>   (3)   filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business.

*Weinberger v. Salfi*, 422 U.S. 749, 763-764, 95 S.Ct. 2457, 2466 (1975).

The second and third requirements are waivable by the parties, and thus, do not constitute jurisdictional prerequisites to suit. *See Salfi, supra; Mathews v. Eldridge*, 424 U.S. 319, 328 n9, 96 S.Ct. 893, 899 (1976); *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029 (1986) (because the requirements were waivable, they cannot be jurisdictional).

Here, the Commissioner's sole argument is that Plaintiff did not timely commence suit. Therefore, the motion does not impact the court's jurisdiction. *See Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991) *Triplett v. Heckler*, 767 F.2d 210, 211-212 (5th Cir. 1985). The Commissioner's motion also relies on evidence outside of the pleadings. Under these circumstances, the motion is properly filed and analyzed as a motion for summary judgment. *See Triplett, supra*.

## II.   Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the

nonmoving party.  *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim."  *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate.  *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor.  *Anderson*, 477 U.S. at 255.  "The court *need* consider only the cited materials, but it *may* consider other materials in the record."  Fed.R.Civ.P. 56(c)(3) (emphasis added).  While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322-23.  This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[2] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

**III.   Plaintiff Did Not Timely File Suit**

Under the regulations, and as explained in the Commissioner's correspondence to Toston, "[a]ny civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review . . . is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). Furthermore, "the date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id*.

As detailed above, the Appeals Council denied Toston's request for review on April 22, 2013. Toston is presumed to have received the notice by April 27, 2013. Therefore, she originally had until June 26, 2013 (April 27 + 60 days), to file the instant civil action. Upon application, however, the Commissioner granted Toston an additional 60 days from her receipt of the Commissioner's July 24, 2013, letter in which to file suit. Toston is presumed to have received the July 24, 2013, letter within five days thereafter, i.e. by July 29, 2013.[3] Thus, she had

---

[2] I.e., beyond doubt.

[3] Most social security applicants live in areas where postal delivery typically takes less than five days. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007) (citing USPS website).

until Friday, September 27, 2013, (July 29, 2013 + 60 days) to file suit. However, Toston did not file the instant complaint until Monday, September 30, 2013, – three calendar days and one business day too late.

The Fifth Circuit has recognized that in "appropriate situations," a plaintiff can invoke the doctrine of equitable tolling. *Flores, supra*. However, the cases where tolling is appropriate are rare, and the equities in favor of tolling must be "so great that deference to the agency's judgment is inappropriate." *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (citations and internal quotation marks omitted). In this case, Plaintiff neither has alleged nor established any cognizable circumstances that would support equitable tolling of the limitations period. *See Flores, supra*.

## **Conclusion**

For the reasons discussed above, the undersigned finds that there is no genuine dispute as to any material fact, and that the Commissioner is entitled to judgment as a matter of law dismissing Plaintiff's complaint, as time-barred. Fed.R.Civ.P. 56.[4] Accordingly,

IT IS RECOMMENDED that the motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), [doc. # 6], filed by Defendant, Carolyn W. Colvin, Commissioner, Social Security Administration, be DENIED, but that her alternative motion for

---

[4] The court emphasizes that "in the face of the defendant's properly supported motion for summary judgment, the plaintiff [can]not rest on [her] allegations . . . without any significant probative evidence tending to support the complaint. " *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citations and internal quotation marks omitted). Furthermore, "a district court has no obligation to provide a pro se litigant with particularized instructions on the requirements and consequences of summary judgment." *Stingley v. Den-Mar, Inc.*, 347 Fed. Appx. 14, 20 (5th Cir. Sept. 1, 2009) (unpubl.).

summary judgment [doc. # 6] be GRANTED, and that judgment be entered in favor of said Defendant, dismissing with prejudice Plaintiff's complaint, in its entirety, as time-barred. Fed.R.Civ.P. 56.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen  (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 13th day of February 2014.

Karen L. Hayes, U.S. Magistrate Judge